IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     v.                                            24-CR-104

NICHOLAS BLOOM,

                Defendant.
_____

## MOTION FOR HEARING TO
## DETERMINE THE DEFENDANT'S MENTAL COMPETENCY

       The defendant is scheduled to be arraigned on August 15, 2024. At arraignment, the government intends to move, pursuant to 18 U.S.C. § 4241(a), for a hearing to determine the defendant's mental competency. The government files this memorandum in advance of the defendant's arraignment to provide the Court with a more detailed record for the government's motion.

## ARGUMENT

       Section 4241(a) provides that the government "may file a motion for a hearing to determine the mental competency of the defendant." The statute requires that a court grant such a motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id*.

"Reasonable cause" may exist where, among other things, "a defendant consistently exhibits behavior and beliefs" that are "bizarre," *United States v. Auen*, 846 F.2d 872, 878 (2d Cir. 1988), notwithstanding whether the defendant's in-court behavior appears normal. As the Second Circuit has noted, a "court's observations alone 'cannot be relied upon to dispense with a hearing'" on the issue of competency "if there is substantial other evidence that the defendant is incompetent." *United States v. Quintieri*, 306 F.3d 1217, 1233 (2d Cir. 2002) (quoting *Pate v. Robinson*, 383 U.S. 375, 386 (1966)).

Information currently available to the government shows that "reasonable cause" exists to, at the very least, require that the defendant be examined pursuant to 18 U.S.C. § 4241(b). The defendant's behavior underlying the Indictment, which is alleged in the Criminal Complaint (Doc. 1), shows a disturbing and escalating pattern of harassing and threatening conduct. For example:

- As alleged in the Complaint, in January 2024, the defendant began sending Victim 1, a former co-worker who lives in Niagara County, hundreds of unwanted text messages and email. Over time, those messages became increasingly incoherent, violent, and sexual. The defendant continued this behavior despite multiple requests that he stop.
- When Victim 1 contacted the Niagara County Sheriff's Office, the defendant began leaving numerous bizarre voicemails for the Niagara County Sheriff's Office requesting—in expletive-laden and often incoherent tirades—that he be allowed to see or contact his "friend," *i.e.*, Victim 1.
- In June 2024, after the defendant's behavior had escalated severely, he began contacting Victim 1's aunt, a Niagara County Family Court Judge ("Victim 2"). The

defendant filled Victim 2's chambers voicemail with messages that, once again, were often incoherent and violent.[1] The defendant also began texting Victim 2's personal cell phone with numerous violent texts and, on one occasion, a photo of Victim 2's home.

Since the government began its investigation, it has learned that the defendant has recently engaged in nearly identical conduct with several other individuals. The scope and intensity of the defendant's behavior suggests that the conduct in this case is rooted in significant mental health issues, rather than just an inappropriate fixation on Victim 1.

For example, until recently, the defendant was employed by the National Archives and Records Administration ("NARA"). NARA provided the government with a copy of NARA's June 2024 Notice of Proposed Removal. That Notice, which as attached under seal as Exhibit A,[2] documents months' worth of conduct involving multiple NARA employees—including the Archivist of the United States—and members of their families. The conduct described in that letter is strikingly similar to the conduct underlying this case.

Finally, prior to the defendant's arrest in this case, the case agent learned through interviews that the defendant may have been recently examined pursuant to the State of California's mental health law.

---

[1] If necessary, the government can provide the Court with copies of the defendant's voicemails left for the Niagara County Sheriff's Office and Victim 2.

[2] Sealing is appropriate because the Notice of Proposed Removal contains sensitive information regarding the defendant's prior employment, conduct, and identifying information related to other individuals that the defendant has engaged in threatening and harassing behavior towards.

## **CONCLUSION**

For the reasons stated above, the government submits that "reasonable cause" exists to believe that the defendant "may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The government therefore moves for a hearing to determine the defendant's competency. The government further requests, pursuant to 18 U.S.C. § 4241(b), that the defendant undergo a psychiatric or psychological exam prior to the hearing.

DATED:  Buffalo, New York, August 15, 2024.

TRINI E. ROSS
United States Attorney

BY: *s/ CHARLES M. KRULY*
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5836
Charles.Kruly@usdoj.gov

BY: *s/ MAEVE E. HUGGINS*
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5872
Maeve.Huggins@usdoj.gov

# EXHIBIT A
## (Filed Under Seal)