UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    24-CR-104-HKS

    v.

NICHOLAS BLOOM,

              Defendant.
_____

**OBJECTION TO GOVERNMENT'S MOTION FOR A *SELL* HEARING**

"The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." *Washington v. Harper*, 494 U.S. 210, 229 (1990) (citing *Winston v. Lee*, 470 U.S. 753 (1985) and *Schmerber v. California*, 384 U.S. 757, 772 (1966)). "Under *Harper*, forcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) and *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

Forcibly injecting Mr. Bloom with medication against his will violates his constitutional rights unless, at a minimum, important government interests are at stake. Important government interests require that he be charged with a serious crime. Without that, the Court cannot order forcible medication, regardless of any other facts. The Court should deny the Government's motion to forcibly medicate Mr. Bloom without an additional evidentiary hearing.

In *Sell v. United States*, the Supreme Court announced when, in the context of restoring someone to competency, the Court may impinge on that liberty, but only under limited circumstances. 539 U.S. 166, 180 (2003). The government must prove four factors: "[i] there are important governmental interests in trying the individual; [ii] the treatment will significantly further those interests; [iii] the treatment is necessary to further those interests, considering any less intrusive alternatives; and [iv] the treatment is medically appropriate." *United States v. Gomes*, 387 F.3d 157, 159–60 (2d Cir. 2004). Important government interests require that Mr. Bloom be charged with a serious crime against a person or property. *Sell*, 539 U.S. at 180. The government must establish these four factors by clear and convincing evidence. *Gomes*, 387 F.3d at 160.

## I. The Court should address whether important government interests exist before requiring an evidentiary hearing.

If the government cannot establish that important government interests exist, the Court should deny their motion without addressing the other *Sell* factors. This approach tracks with relevant precedent, actions taken by other courts, and case-specific factors, while also promoting judicial economy.

Notably, whether important government interests exist is a threshold issue. Without important government interests, Mr. Bloom cannot be forcibly medicated, even if the other factors exist. In *Sell*, the Supreme Court said as much, limiting its holding to defendants facing serious criminal charges. *Sell*, 539 U.S. 179 ("…the Constitution permits the Government involuntarily to administer antipsychotic drugs to a mentally ill defendant facing *serious* criminal charges in order to render that defendant be competent to stand trial…") (emphasis added)).

Last year, the Second Circuit implicitly confirmed this. In *United States v. Bioma*, a district court had ordered forcible medication after finding *Sell* factors 2-4 but never addressed whether an important government interest was at stake. 114 F.4th 69, 75 (2d Cir. 2024). The Second Circuit

2

remanded the case back to the district court for findings about whether such an interest was at stake. *Id*. If important interests were not a required finding, the Second Circuit would not have remanded, as the district court had already found the remaining *Sell* factors existed. *Id*; *see also United States v. Onuoha*, 820 F.3d 1049, 1054 (9th Cir. 2016) ("If the government cannot demonstrate at the outset that its interest in prosecution meets a significant threshold, the inquiry ends there.").

The Court can also address whether important government interests are at stake independent of the other *Sell* factors. Unlike *Sell* factors 2-4, which are questions of fact, whether the defendant has been charged with a serious crime is a question of law. *Gomes*, 387 F.3d at 160. The Court can determine it without receiving evidence on the remaining factors. Indeed, Dr. Marks —whom the government would call to testify as a witness—said that she would not offer an opinion on this factor because it belongs to the Court:

> *Sell* dictates that the Court must consider whether or not "important governmental interests are at stake" in bringing the defendant to trial. Although this may involve consideration of the "seriousness" of the charged crime(s), other "special circumstances" may be of relevance, for example, the potential for civil commitment and/or lengthy pre-trial detention. Of course, mental health professionals can offer no opinion about what is fundamentally a legal judgment about the relative seriousness of the charged crime or the ancillary factors alluded to in Sell. This threshold decision is strictly within the domain of the Court.

Naturally, judicial economy also favors addressing whether important government interests exist before the other *Sell* factors. Because it is a threshold issue, the Court will have to address it as some point. An evidentiary hearing will not help the Court decide this issue, and, if no important government interests exist, an evidentiary hearing cannot change the motion's outcome. The Court should decide this issue—which it would have to do regardless—before using the time and resources to have an evidentiary hearing, making the relevant factual finding, and issuing a report and recommendation, which may be unnecessary.

This path also addresses some of the Court's concerns. In prior appearances, the Court had wondered whether forcibly medicating Mr. Bloom was a sound use of resources given the nature of the charge, possible sentences, time it would take to resolve the issue, time it would take to restore Mr. Bloom to competency, and whether such restoration would be lasting, among others. These are all factors that the Court can consider when determining whether important government interests are at stake. *See infra* Part II. Addressing this issue now allows the Court to engage with these concerns sooner rather than later, potentially saving Mr. Bloom additional time in custody.

Other courts have also addressed the first *Sell* factor similarly. For instance, in *United States v. Rodirguez*, the magistrate court ordered briefing on the first *Sell* factor before determining whether further hearings were necessary (and eventually finding they were). 281 F. Supp. 3d 1284, 1291 (S.D. Fla. 2017). Likewise, in *United States v. Gutierrez*, the magistrate court had the parties brief the first *Sell* issue before determining whether to address the remaining factors, although that Court's decision was partially influenced by evaluators' statements that they would only outline a treatment plan after the "threshold determination" of serious government interests. *United States v. Gutierrez*, 2019 WL 2150389, at *2 (E.D. Tex. Apr. 19, 2019), *report and recommendation adopted*, 2019 WL 2137204 (E.D. Tex. May 15, 2019).

### II. The relatively low penalties Mr. Bloom faces, combined with the time he has already spent in custody, mean that no important government interests warrant the drastic measure of medication by force.

*Sell* requires that the Court "find that *important* governmental interests are at stake. *Sell*, 539 U.S. at 180 (2003) (emphasis original). Important interests require a "a serious crime against the person or a serious crime against property." *Id*. For this, the Court should consider the possible penalties as well as the nature/effect of the underlying conduct. *Boima*, 114 F.4th at 76. When

considering the possible penalties, both the statutory range and potential guideline range matter. *Id*. at 76-77.

Case-specific factors can also diminish the government's interest in prosecuting an otherwise serious crime. *Sell*, 539 U.S. at 180. Those factors include the likelihood of civil commitment, time since the prosecution began, time spent in confinement, and the time the accused would likely continue to spent in confinement when the case resolves. *Boima*, 114 F.4th at 78-79.

Mr. Bloom's low statutory range shows that he has not been charged with a serious crime. He has been charged with violating 18 U.S.C. § 2261(A)(2)(B), which carries a maximum sentence of five years' imprisonment. Indeed, other versions of the statute carry stiffer penalties, and if Mr. Bloom were charged under those other version of the statute – those punishing, for instance, cyberstalking where death or disfigurement results – the government would have a better case that the crime rises to the necessary threshold. But Mr. Bloom was not so charged because none of those aggravating factors are present here.

Unsurprisingly, where the Second Circuit has found a serious crime, the penalties have been higher. For instance, in *Gomes*, the Second Circuit found a defendant facing a possible statutory minimum of 15 years was a serious crime. *Gomes*, 387 F.3d at 160. In *Boima*, the Second Circuit suggested an eight-year maximum sentence indicated a serious crime. *Boima*, 114 F.4th at 76; *but see id*. (citing and parenthetically quoting *United State v. Palmer*, 507 F.3d 300, 304 [5th Cir. 2007] for the proposition that courts have held crimes authorizing a penalty over six months to be serious).

Mr. Bloom's substantial pretrial confinement also shows that the government lacks an important interest in bringing him to trial. *See Boima*, 114 F.4th at 78. Mr. Bloom has already been

5

in custody well over one year. By the time a hearing is held and the parties finish briefing the issues, Mr. Bloom will have been detained even longer. If the Court grants the motion, it will take several more months to see if the medication works. Assuming it does and Mr. Bloom continues with it, counsel will need to review the case with a newly competent Mr. Bloom. Assuming that Mr. Bloom immediately wants to plead guilty, a court date for the plea will need to be found and sentencing with be some months later. By the time all of that passes, Mr. Bloom will be approaching multiple years of detention, all while presumed innocent. If he needs time to review his options, conduct investigation, or decide that he wants to fight the case, the delay would increase exponentially. Given this, the government lacks an important interest in bringing Mr. Bloom to trial. Moreover, the government guideline's calculation (Docket No.28 at 4) fails to account for the fact that the statutory limit is 60 months, and no advisory guideline can increase that ceiling.

With respect to possible civil confinement, which also militates any important government interest, the government has not indicated whether they would seek civil confinement. Mr. Bloom "may be subject to further evaluation under 18 U.S.C. § 4246" if he is not medicated under *Sell*.

### III. Rule 12.2(a)

Finally, Mr. Bloom, through his attorney, has filed a notice under Rule 12.2, insanity at the time of offense. Critically, each of the experts who have examined Mr. Bloom have determined that he is incompetent to stand trial because of a mental disease or defect. This very disease and defect was present when the accusations against Mr. Bloom took place. If Mr. Bloom is found not guilty by reason of insanity, he will be committed unless he can prove that he is not a danger. Then we are right back where we started, having accomplished nothing except forcible medication and the draining of resources unnecessarily.

\*\*\*

Mr. Bloom has a constitutional right to refuse being involuntarily injected with medication that will change her brain chemistry. The government has failed to show that important government interests exist to overcome that right. Since that is a threshold issue, "the inquiry ends there." *Onuoha*, 820 F.3d at 1054. The Court should deny the government's motion.

**DATED**:             Buffalo, New York, September 19, 2025.

                                    Respectfully submitted,

                                    **/s/ Jeffrey T. Bagley**
                                    Jeffrey T. Bagley
                                    Assistant Federal Public Defender
                                    Federal Public Defender's Office
                                    300 Pearl Street, Suite 200
                                    Buffalo, New York 14202
                                    (716) 551-3341, (716) 551-3346 (Fax)
                                    Counsel for Defendant